STATE EX REL. WADE H. ELLIS, ATTY. GEN. v. CLEVELAND TERM. & V. RY. ET AL.

1. CONVEYANCE OF CANAL LANDS TO CLEVELAND NOT IN FEE SIMPLE.

The act entitled "An Act to authorize the city of Cleveland to enter upon and occupy a part of the Ohio canal," passed April 29, 1872 (69 O. L. 182), does not authorize the conveyance of a fee simple estate by the governor of Ohio to said city of Cleveland; but only the right to occupy the lands therein described for the purposes specified, or similar purposes.

2. CITY NOT NECESSARY PARTY IN QUO WARRANTO TO OUST RAILWAY OCCUPYING CANAL LANDS UNDER LEASE FROM THE CITY.

In an action in quo warranto, brought by the attorney general against said railway lessee and its successors and assigns, to oust the same from said premises, the city of Cleveland is not a necessary party. *State v. Railway*, 53 Ohio St. 189 [41 N. E. Rep. 205], followed.

[Syllabus by the court.]

QUO WARRANTO.

The attorney-general, for the purpose of testing the right of the defendants to occupy a strip of land about three miles long included in that part of the Ohio canal which the city of Cleveland was authorized by the act of April 29, 1872 (69 O. L. 182), to occupy and use for certain purposes, hereinafter set forth, filed his petition in quo warranto.

After alleging the corporate existence of defendants, the petition states that, on and prior to April 29, 1872, the state of Ohio was the owner in fee simple of that part of the Ohio canal in the city of Cleveland which is the subject of controversy; that on April 29, 1872, the general assembly passed an act providing "that authority and permission shall be granted, in the manner hereafter stated, to the city of Cleveland to take, enter upon, improve and occupy, as a public highway, or for other purposes, and for laying therein gas and water pipes, and for sewerage purposes, as the city council of said city may determine," such portion of the Ohio canal as is described in said act, which act provided, among other things that, upon the fulfillment of certain conditions, "thereupon the governor on behalf of the state * * * shall execute and deliver to the city of Cleveland, a grant of all the interest of the state in that part of said Ohio canal, herein de-

scribed, to be forever used and occupied by said city, as its council shall determine, for any or all of the purposes before mentioned''; that, pursuant to the provisions of such act, the governor, on October 31, 1879, executed and delivered to the city of Cleveland his deed for such lands; that, at a regular meeting of the city council of the city of Cleveland, held on November 3, 1879, such deed of the governor was accepted by such city council in behalf of the city of Cleveland; that, prior to the acceptance of such deed, to wit, on October 26, 1875, the city of Cleveland entered into a contract by which said city agreed with the Valley Railway Company "that it would execute to said company a lease of all the lands granted to said city by said act of April 29, 1872, as soon as title to said lands should be conveyed to said city by the state of Ohio"; that the city of Cleveland, by its city council, on March 24, 1879, by resolution recounting said contract between said city and the Valley Railway Company, instructed its mayor and city solicitor to obtain the title to said lands conveyed by said act of April 29, 1872, and to arrange for the lease of said lands to the Valley Railway Company; that said city, through its council, at the same meeting of said council at which the city through said council accepted said grant from the state of Ohio, to wit, the meeting held by said city council on November 3, 1879, by ordinance instructed the mayor of said city "to execute in due form of law, a written lease to the Valley Railway Company of the lands and premises set forth and described for the period and upon the terms and conditions expressed in the copy of such lease submitted by the mayor to the council October 20, 1879, as amended and approved by the council at that date"; that, in pursuance of such ordinance and on the day following its passage, to wit, on November 4, 1879, the mayor of said city for and in behalf of said city, duly executed and delivered to the said The Valley Railway Company, in consideration of the sum of $265,000 in the first mortgage gold bearing bonds of said The Valley Railway Company, payable twenty-seven years from June 15, 1879, a lease for ninety-nine years, for railroad purposes, of all lands granted to said city of Cleveland by said act of April 29, 1872, with the exception of certain small portions of said lands described in said lease, with the *proviso* that "it is hereby expressly understood and agreed that, in case there is hereafter any failure in said title to the lands hereby leased or in the authority of said city to lease the same for the purposes herein stated, the said city shall not be liable to said company for any damage caused by said failure"; that said lease was approved by said council on November 10, 1879; that immediately after the execution of said

State v. Railway.

lease said The Valley Railway Company took possession of all said lands so leased and that all said lands have ever since been used by said company and its successors for railroad purposes; that, by reason of the sale of the property of the Valley Railway Company on September 27, 1895, and subsequent sales, agreements and transactions, the defendant companies are now occupying and using, for railroad purposes, all of said lands conveyed to said The Valley Railway Company in said lease of said city; that the city of Cleveland has never occupied nor used any portion of said lands conveyed by said lease for any purposes except for the laying therein of gas and water pipes or for sewerage purposes; and that said city has abandoned and forfeited the use of all said lands so leased except for laying therein gas and water pipes and for sewerage purposes; that the state of Ohio has been. before, on and since April 29, 1872. and now is the owner in fee of such lands and entitled to the full use and possession of the same; "that the state of Ohio has never, directly nor indirectly, in any way given or granted, or permitted to be given or to be granted, to either of said .defendants, any right. title or interest whatever in, or to any of, said lands"; that the city of Cleveland had no right, power or authority to grant said lease or to permit the use, for railroad purposes, of any of said lands so leased and so occupied by defendants; that said use of said lands by defendants "was and is inconsistent with the use granted to the city of Cleveland by the state of Ohio and in violation of the rights of the state and in contravention of law; and that defendant companies have been, and are now, in occupying and using said lands for railroad purposes, usurping and unlawfully exercising and using rights, privileges and franchises in violation of the rights of the state of Ohio and in contravention of law.

Plaintiff therefore prayed that defendant companies be ousted from exercising such rights, privileges and franchises and that they be compelled to remove all their tracks, side tracks, switches, depots, buildings and all other property of whatever kind belonging to them, from all lands described in the said act of April 29, 1872. and for other relief.

The act of April 29, 1872, the deed of the governor, the lease of the city of Cleveland to the Valley Railway Company and the ordinances of the city council above mentioned are set forth in full in plaintiff's petition.

**U. G. Denman,** Atty. Gen., **J. A. Alburn** and **D. K. Watson,** for plaintiff:

Cited and commented upon the following authorities. *State* v. *Railway,* 53 Ohio St. 189 [41 N. E. Rep. 205]; *State* v. *Railway,* 37 Ohio

Franklin County.

St. 157; *State v. Railway,* 50 Ohio St. 239 [33 N. E. Rep. 1051]; *State v. Lewis,* 50 Ohio St. 179, 189 [33 N. E. Rep. 405; 19 L. R. A. 449]; *Vore v. Woodford,* 29 Ohio St. 245; *State v. Board of Pub. Works,* 36 Ohio St. 409, 414; *Seeley v. Thomas,* 31 Ohio St. 301, 308; *United States v. Railway,* 118 U. S. 120 [6 Sup. Ct. Rep. 1006; 30 L. Ed. 81]; *United States v. Insley,* 130 U. S. 263 [9 Sup. Ct. Rep. 485; 32 L. Ed. 968]; *Taylor v. Ross Co. (Comrs.)* 23 Ohio St. 22, 78; *Wyscaver v. Atkinson,* 37 Ohio St. 80; *Walker v. Cincinnati,* 21 Ohio St. 14, 54 [8 Am. Rep. 24]; *Alter v. Cincinnati,* 56 Ohio St. 47, 64 [46 N. E. Rep. 69; 35 L. R. A. 737]; *Perrine v. Canal Co.* 50 U. S. (9 How.) 172 [13 L. Ed. 92]; *Pennsylvania Ry. v. Canal Comrs.* 21 Pa. St. 9, 22; *New Orleans & Carrollton Ry. v. New Orleans,* 34 La. Ann. 429; *Blair v. Chicago,* 201 U. S. 400 [26 Sup. Ct. Rep. 427; 50 L. Ed. 801]; *Cleveland Elec. Ry. v. Railway,* 204 U. S. 116 [27 Sup. Ct. Rep. 202; 51 L. Ed. 399]; *Malone v. Toledo,* 28 Ohio St. 643; *Corwin v. Cowan,* 12 Ohio St. 629; *McCombs v. Stewart,* 40 Ohio St. 647; *Weber v. Shay,* 56 Ohio St. 116, 123 [46 N. E. Rep. 377; 37 L. R. A. 230; 60 Am. St. Rep. 743]; 3 Washburn, Real Prop. Sec. 1995; 1 Devlin, Deeds Sec. 12; *Durant v. Ritchie,* 4 Mas. (U. S. C.) 45, 69 [8 Fed. Cas. 118]; *Elliott v. Shaw,* 32 Ohio St. 431, 433; *Chester v. Willan,* 2 Saund. 96; *Des Moines Co. Agric. Soc. v. Tubbessing,* 87 Iowa 138 [54 N. W. Rep. 68]; 3 Washburn, Real Prop. 375; *Vermilya v. Railway,* 66 Iowa 606 [24 N. W. Rep. 234; 55 Am. Rep. 279]; *Robinson v. Railway,* 59 Vt. 426 [10 Atl. Rep. 522]; *Uhl v. Railway,* 51 W. Va. 106 [41 S. E. Rep. 340]; *State v. Tin & Japan Co.* 66 Ohio St. 182 [64 N. E. Rep. 68]; *Central Transp. Co. v. Car Co.* 139 U. S. 24 [11 Sup. Ct. Rep. 478; 35 L. Ed. 55]; *Slidell v. Grandjean,* 111 U. S. 412, 437 [4 Sup. Ct. Rep. 475; 28 L. Ed. 321]; *Oregon Ry. & Nav. Co. v. Railway,* 130 U. S. 1, 26 [9 Sup. Ct. Rep. 409; 32 L. Ed. 837]; *Chicago & E. I. Ry. v. Clapp,* 201 Ill. 418 [66 N. E. Rep. 223].

**F. A. Durban** and **Kline, Tolles & Goff,** for defendants.

**DUSTIN, J.**

The facts in this case are strikingly similar to those involved in the case of the *State v. Railway,* 53 Ohio St. 189 [41 N. E. Rep. 205]; and the remedy sought is the same. Hence, the demurrer to the petition must be overruled on all points, except as to want of parties, upon the authority of that case, unless it shall appear that the differences between it and the one at bar are such as to call for the application of other principles.

In that case the city of Cincinnati, by legislative enactment (60

State v. Railway.

O. L. 44) and by gubernatorial deed executed and delivered pursuant thereto, had been granted the right to ''enter upon, use and occupy as a public highway and for sewerage purposes'' a certain portion of the canal lands of the state. After accepting the same, the city, without permission of the state, granted the Pitts. C. C. & St. L. Ry. the right to wholly occupy a part of said lands for tracks and stations, and such occupancy continued for more than twenty years. In 1895, the then attorney-general brought an action in quo warranto against the railway, alleging an unlawful use of rights and privileges in the occupancy of said premises; also, that to that extent, there was an abandonment by the city of the rights granted to it by the state. The court entered a decree for the relator, holding that the defendant had no rights in the premises, its pretended grant from the city being invalid for want of necessary power to make the same.

In the case at bar the same kind of an action is brought by the attorney-general against the defendants, alleging that they wholly occupy certain canal lands in the city of Cleveland, granted to said city by the state for ''a public highway, or for other purposes, and for laying therein gas and water pipes, and for sewerage purposes, as the city council of said city may determine.''

Pursuant to the legislative act, 69 O. L. 182, authorizing the grant, the governor made a deed to the city for the land described. On the very day that the deed was accepted the city of Cleveland leased the premises to defendant, the Cleveland Terminal & Valley Railroad Company, for ninety-nine years, renewable forever, and received therefor the sum of $265,000 in bonds. The railroads built tracks and made other improvements thereon and have ever since wholly occupied said lands for railway purposes.

It is claimed on behalf of the state that the city of Cleveland forfeited the lands by abandonment of the uses for which they had been granted, and that defendants, the railways, have no rights whatever thereon. On the part of the railways it is claimed that ''all the interests'' of the state were granted to the city, which thereby became the owner in fee of the premises, and could lawfully lease the same.

In the legislative act pertaining to the transfer of the canal lands at Cleveland, certain words and phrases in addition to those in *State v. Railway, supra,* are relied upon to create a fee simple estate. In the Cleveland legislative act the word ''take'' is added to a similar clause found in the Cincinnati act; providing that the city of Cleveland may ''*take*, enter upon and occupy,'' etc.

We think that word applies no more to a fee simple than to a qualified fee. The grantee, in either case, is authorized to *take* possession, which is the right referred to.

The words "or other purposes" are introduced after the words "public highway," so that it reads, "That authority and permission shall be granted * * * the city of Cleveland to take, enter upon, improve and occupy as a public highway, *or for other purposes,* and for laying therein gas and water pipes, and for sewerage purposes, as the city council of said city may determine, all that part * * * in so far as the same is owned and held by the state."

We think it is clear, under the authorities (cited by plaintiff) that the words, "or other purposes," mean simply other *similar purposes,* and that the title is not enlarged into a fee simple by such language, but includes only other uses (if any there be) by the city, some of which are named in the next clause, viz., "laying gas and water pipes."

If a fee simple had been  intended by the use of the phrase "or other purposes," there was no need to add the provision as to gas and water pipes, which seems to have been done either for illustration or further specification.

Nor does the phrase "in so far as the same is owned and held by the state," enlarge the grant. It is rather a limitation, as not including the rights of canal lessees.

Nor does the clause, "As the city council of said city may determine"; for that, in our opinion, only gives the council the right to select from the purposes mentioned, or similar ones.

As for the deed, of course it could not rise higher than its source, the legislative act. What general words it may contain must be limited by the phraseology of the act, of which the defendants must be held to have had due notice at the time of acceptance. But, it is claimed that the Cleveland transaction was a purchase, and thereby differed essentially from *State* v. *Railway, supra.*

It is true that the city of Cleveland obligated itself to make certain expenditures to connect the canal with the Cuyahoga river and to keep the river dredged to the lake. But that is presumed to have been a proper compensation for the title it was receiving.

All other questions raised by the demurrer are, we think, covered and settled by *State* v. *Railway, supra,* except the one as to want of proper parties. As to that it may be said that the court does not think the city of Cleveland, under the allegation of abandonment, is a necessary party to the controversy; but if defendants desire to have it bound

State v. Railway.

by the judgment, whatever it may be, for their ultimate protection, it may be made a party on their application, and served with process.

Demurrer to petition overruled.

**Sullivan** and **Allread, JJ.,** concur.